IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENVIRONMENTAL RESEARCH CENTER, INC., <br><br> Plaintiff, <br><br> v. <br><br> PREMIER HEALTH, LLC, <br><br> Defendant. | Case No. 21-cv-06509-MMC <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; DENYING MOTION FOR ATTORNEYS' FEES AND COSTS; REMANDING ACTION TO STATE COURT; VACATING HEARING** |

Before the Court is plaintiff's Motion, filed September 16, 2021, to Remand and for Attorneys' Fees and Costs, whereby plaintiff asserts the Court lacks jurisdiction over the above-titled action on the grounds that (1) plaintiff lacks standing under Article III of the United States Constitution, and (2) the amount in controversy does not exceed $75,000. Plaintiff also seeks to recover attorneys' fees and costs incurred in connection with the removal. Defendant has filed opposition, to which plaintiff has replied. The Court, having read and considered the papers filed in support of and in opposition to the motion, deems the matter appropriate for decision on the parties' respective written submissions, VACATES the hearing scheduled for November 12, 2021, and rules as follows.

**I. Article III Standing**

The burden of establishing Article III standing is on "[t]he party invoking federal jurisdiction." See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). In the instant case, defendant, as the party invoking federal jurisdiction, thus bears the burden of demonstrating plaintiff suffered an "injury in fact" that is "fairly traceable to [defendant's alleged wrongful] conduct" and "likely to be redressed by a favorable judicial decision."

See Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016) (setting forth "irreducible constitutional minimum of standing") (internal quotation and citation omitted).  To meet the "injury in fact" requirement, defendant must show plaintiff suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."  See id. at 339 (internal quotation and citation omitted).  The "injury in fact" requirement is not "automatically satisf[ied] . . . whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right," but only where the alleged statutory violation caused the plaintiff to suffer "some real—as opposed to purely legal—harm."  See Robins v. Spokeo, Inc., 867 F.3d 1108, 1112 (9th Cir. 2017) (internal quotation and citation omitted).  Where a plaintiff lacks an "injury in fact" caused by the assertedly wrongful conduct of the defendant, such plaintiff lacks Article III standing, and, consequently, the district court lacks subject matter jurisdiction over the claim.  See Spokeo, 578 U.S. at 338.

Here, defendant has not met its burden to show plaintiff suffered an "injury in fact."  In particular, plaintiff, a "non-profit corporation dedicated to . . . helping safeguard the public from health hazards," brings its claims under California's Safe Drinking Water and Toxic Enforcement Act of 1986 ("Proposition 65") solely "as a private attorney general enforcer and in the public interest" (see Compl. ¶¶ 1-2), and does not, contrary to defendant's assertions, allege it ever ingested, was exposed to, or was harmed by defendant's products.  Consequently, plaintiff does not have Article III standing.  See, e.g., Toxic Injs. Corp. v. Safety-Kleen Corp., 57 F. Supp. 3d 947, 953 (C.D. Cal. 1999) (finding no Article III standing where plaintiff bringing action under Proposition 65 was a "public benefit corporation" that "claim[ed] to have suffered no injuries" and "merely assert[ed] the legal rights and interests of third parties"); Brimer v. Amash Imps., Inc., No. C11-5291 EMC, 2012 WL 13080724, at *5 (N.D. Cal. Jan. 10, 2012) (finding no Article III standing where Proposition 65 complaint "contain[ed] no allegations that [p]laintiff ha[d] ever used or been exposed to any of [d]efendants' products, nor that he ha[d] ever suffered harm from such use or exposure").

Accordingly, the above-titled action will be remanded to state court.  See 28 U.S.C. § 1447(c); Polo v. Innoventions Int'l, LLC, 833 F.3d 1193, 1196 (9th Cir. 2016) (citing "rule" that "a removed case in which the plaintiff lacks Article III standing must be remanded to state court").[1]

**II. Attorneys' Fees and Costs**

An order remanding a case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  See 28 U.S.C. § 1447(c).  "[A]bsent unusual circumstances," however, "courts may award attorney's fees . . . only where the removing party lacked an objectively reasonable basis for seeking removal."  See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Moreover, a "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted."  See Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008).

Here, plaintiff contends defendant lacked an objectively reasonable basis for removal because (1) plaintiff "clearly pled its [c]omplaint in the public interest with no injury in fact," and (2) plaintiff's counsel, before filing the instant action, "made several attempts to reach counsel for the [d]efendant to discuss and demonstrate . . . removal of this case was without merit" and "provided [d]efendant's counsel with case law showing that [p]laintiff lacked Article III standing."  (See Mot. at 11:12-18; Declaration of Charles W. Poss in Support of Motion to Remand ¶¶ 4-6.)  In response, defendant states it "acknowledged the cases cited by [p]laintiff" but "informed [p]laintiff that it would not agree to remand" because the issue of standing in cases such as this "has yet to be fully decided."  (See Opp. at 5:16-19; Declaration of Yosef Peretz in Support of Defendant's Opposition ¶ 4); see also Toxic Injs., 57 F. Supp. 2d at 957-58 (declining to award

---

[1] In light of such finding, the Court does not address herein plaintiff's arguments pertaining to the amount in controversy.

attorney's fees in connection with remand; noting defendants' reliance on "fact the United States Supreme Court and the Ninth Circuit have not addressed" issue of removal of action brought by public beneficiary corporation under Proposition 65).

The Court finds defendant's arguments in support of standing, although ultimately not persuasive, are not objectively unreasonable. Put another way, the Court "cannot find that [d]efendant's removal was so obviously barred as to warrant an award." See Toxic Injs., 57 F. Supp. 2d at 957-58.

**III. Conclusion**

For the reasons set forth above, plaintiff's Motion to Remand is hereby GRANTED, plaintiff's Motion for Attorneys' Fees and Costs is DENIED, and the above-titled action is REMANDED to the Superior Court of California, in and for the County of Alameda.

**IT IS SO ORDERED.**

Dated: November 2, 2021

MAXINE M. CHESNEY
United States District Judge